IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX TORRES, JR.,

        Plaintiff,                             No. CIV S-07-2593 LEW DAD PS

     v.

STATE OF CALIFORNIA, et al.,          <u>ORDER</u>

        Defendants.

_____/

        Plaintiff, proceeding in this action pro se,[1] has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the application will be granted. However, the determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the case must be dismissed if the court finds that the allegation of poverty is untrue or determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] Plaintiff indicates that he is a member of the State Bar of California but not entitled to practice.

A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Put another way, dismissal of a claim or an entire complaint "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). In determining whether a pleading states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Here, plaintiff has sued the State of California, the California State Legislature, Senator Don Perata (individually and in his official capacity), Assemblyman Fabian Nunez (individually and in his official capacity), and Governor Arnold Schwarzenegger (individually and in his official capacity), along with unnamed defendants sued as Does 1-10. Plaintiff asserts that he has been or will be subjected to a scheme of these defendants to enforce provisions of the California Business and Professions Code against him and/or to harass or retaliate against him, either for challenging certain statutory provisions "or for any other reason." Plaintiff alleges federal jurisdiction under 28 U.S.C. §§ 1331, 1343(3),[2] and 1367(a). Plaintiff contends that defendants have violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988.

---

[2] It appears that plaintiff intends to cite 28 U.S.C. § 1343(a)(3).

Plaintiff's jurisdictional allegations are followed by a section titled "Facts of the Case." Plaintiff describes the legislative process in California and the role of defendants Perata, Nunez, and Schwarzenegger in that process,[3] summarizes five statutes contained in the California Business and Professions Code,[4] and asserts that there are other defendants whose names are not known to him but who are employees of the named defendants and are sued both as individuals and in their official capacity as state personnel.

Plaintiff alleges that he is an attorney previously licensed to practice law in California but not entitled to practice law currently except in accordance with California Business and Professions Code § 6133 and California Rule of Professional Responsibility 1-311. Plaintiff also alleges that he is a disabled person as defined in the Americans With Disabilities Act but does not allege the nature of his disability. Plaintiff alleges that he resides in Santa Cruz, California, although his address of record is a post office box in Laguna Hills, California. Plaintiff contends that §§ 6129 and 6130 of the California Business and Professions Code, which

---

[3] Plaintiff describes defendant Perata as President pro Tempore, Chair of the Rule Committee, and "actual leader of the Senate." Plaintiff asserts that defendant Perata, as presiding officer, has numerous responsibilities and oversees overall direction of policy. Plaintiff describes defendant Nunez as Speaker of the Assembly, highest ranking officer of that body, and the person who presides over Assembly sessions. Plaintiff observes that defendant Schwarzenegger can sign a bill into law, allow it to become law, or veto it, although a veto can be overridden by a majority vote of the legislature.

[4] Plaintiff describes the five statutes as follows: § 6000 introduces the chapter on attorneys and provides that the chapter may be cited as the State Bar Act; § 6129 provides that an attorney who directly or indirectly buys or is interested in buying evidence of debt or a thing in action with intent to bring suit thereon is guilty of a misdemeanor punishable by imprisonment in a county jail for up to six months or a fine of up to $2,500 or both; § 6130 provides that no person who has been an attorney shall, while a judgment of disbarment or suspension is in force, appear on his own behalf as plaintiff in the prosecution of an action where the subject of the action was assigned to him after the entry of the judgment of disbarment or suspension for the purpose of collection; § 6106 provides that an attorney's commission of any act involving moral turpitude, dishonesty, or corruption, whether or not committed in the course of his relations as an attorney, constitutes cause for disbarment or suspension from practice of law, and if the act constitutes a felony or a misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension; § 6133 provides that any attorney or law firm, partnership, corporation, or association employing an attorney who has resigned, is disbarred, or is under actual suspension from the practice of law shall not permit that attorney to practice law or advertise or hold himself out as practicing law and shall supervise him in any assigned duties.

limit the ability of attorneys and former attorneys to engage in certain activity, "are nothing more than the defendant's [sic] attempt to limit and maintain a de facto union of limited attorneys and prohibit individuals i.e. lawyers from gainful enterprise." (Compl. at 6.)  Plaintiff further contends that § 6106, which permits the suspension or disbarment of an attorney who commits an act involving moral turpitude, dishonesty, or corruption, and § 6133, which limits the employment of a suspended or disbarred attorney, are vague, overbroad, and arbitrary.

Plaintiff sets forth two causes of action, both alleging violation of civil rights and both citing the First, Fifth, Eighth, and Fourteenth Amendments.  In the first cause of action, brought pursuant to 42 U.S.C. § 1983, plaintiff contends that (1) the statutes cited in his complaint constitute a scheme to deprive him of due process and equal protection in violation of the federal constitution and state law, (2) the defendants have deprived him of his rights by gross negligence, recklessness, or deliberate indifference, and (3) he has suffered pain, discomfort, disability, mental and emotional anguish, and fear.  Plaintiff seeks to enjoin defendants from enforcing "the unconstitutional provisions of scheme of these cited codes." (Compl. at 7.) Plaintiff also seeks a declaration that defendants' acts are unconstitutional and monetary compensation to the extent that defendants have been sued in their individual capacities and are not entitled to legislative immunity.

In his second cause of action, brought pursuant to 42 U.S.C. §§ 1985(3) and 1986 on behalf of plaintiff "and the class," plaintiff contends that the statutes at issue violate rights guaranteed by the First, Fifth, Eighth, and Fourteenth Amendments, that defendants are in violation of 42 U.S.C. § 1985(3) because they have conspired to deprive plaintiff "and the class" of their constitutional rights, and that defendants have the power to prevent constitutional violations from occurring but have neglected or refused to act and are therefore liable for damages. (Compl. at 8-10.)

Plaintiff's prayer for relief includes "[p]rospective declaratory relief" in the form of a judgment (1) declaring all of the cited statutory provisions unconstitutional on their face or

as applied to plaintiff, (2) declaring all of those provisions inapplicable to plaintiff, and (3) prohibiting defendants from enforcing the provisions against plaintiff.  Plaintiff also prays for a temporary and permanent injunction precluding defendants from enforcing the provisions against him or harassing or retaliating against him.  Plaintiff seeks compensatory damages for himself "and the class" against defendants in their official and individual capacities, punitive damages, attorney's fees, interest, and costs.  (Compl. at 10-11.)

Plaintiff's vague references to a class fail to state a class action claim.  Moreover, although plaintiff is an attorney, he is not entitled to practice law in California.  He is proceeding pro se in this action and is precluded from representing other persons.  See Local Rule 83-183(a).  See also Fed. R. Civ. P. 23(a)(4); McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This action is deemed to be an individual civil suit brought solely by plaintiff on his own behalf.

Plaintiff has named the State of California and the California State Legislature as defendants.  The Eleventh Amendment serves as a bar to suits for damages brought by private parties against a state or a state entity unless the state or the entity consents to such suits.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Neither the State of California nor the California State Legislature has consented to such suits.  In addition, plaintiff cannot seek non-monetary relief against these defendants pursuant to 42 U.S.C. § 1983 because neither of the defendants is a person.  Section 1983 expressly provides that every "person" who, under color of state law, subjects a citizen to the deprivation of rights, privileges, and immunities shall be liable to the party injured, and it is well established that the States and their departments, agencies and other political subdivisions are not "persons" for purposes of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 70-71 (1989); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991).  Thus, plaintiff's complaint fails to state any § 1983 claim against the State of California or the California State Legislature.

/////

Plaintiff's § 1983 claims against defendants Perata, Nunez, and Schwarzenegger are also deficient. The statute requires an actual connection or link between the actions of the defendants and the deprivation of rights alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In general, officials are not liable pursuant to § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violations must be specifically alleged. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff's allegations regarding the general involvement of defendants Perata, Nunez, and Schwarzenegger in the legislative process are insufficient to state a claim upon which relief may be granted. Plaintiff has not alleged facts showing that the three defendants engaged in affirmative acts, participated in other persons' affirmative acts, or omitted to perform any legally required acts that caused the deprivation of rights asserted by plaintiff. Plaintiff has not alleged that any defendant was involved in the enactment of the statutory provisions at issue, that any defendant has enforced or has the authority or ability to enforce any of those provisions, or that any named defendant has harassed plaintiff or retaliated against him in any way. Because plaintiff has sued defendants Perata, Nunez, and Schwarzenegger solely on the basis of their positions, plaintiff's suit appears to rely on a theory of respondeat superior and fails to state a § 1983 claim against the three defendants.

Plaintiff's remaining civil rights claims have been brought pursuant to 42 U.S.C. §§ 1985 and 1986. Section 1985 "proscribes conspiracies to interfere with civil rights." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1991) (en banc). The statute provides that

> [i]f two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Section 1986 provides that

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986. "[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under § 1985." <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985).

To state a claim for a violation of § 1985(3), a plaintiff must allege four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

<u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing <u>United States Brotherhood of Carpenters and Joiners of America v. Scott</u>, 463 U.S. 825, 828-29 (1983)). To establish the second element of a § 1985(3) claim, the plaintiff must identify a legally protected right and allege facts showing that the deprivation of the right was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators'

action.'" Id. (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). "'[T]he plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights.'" McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990) (quoting Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1519 (9th Cir. 1987)).

Here, plaintiff alleges that he is disabled within the meaning of the Americans With Disabilities Act. However, plaintiff's complaint contains no allegation that the statutory provisions under attack were enacted by the defendants for the purpose of discriminating against disabled persons or that the defendants have enforced, or will enforce, those statutes for the purpose of discriminating against disabled persons. To the extent that plaintiff presents himself as a member of a class of attorneys who have been disbarred or suspended from the practice of law for committing an act involving moral turpitude, dishonesty, or corruption, he has not alleged that such persons are members of a class that requires special federal assistance. In addition, plaintiff's conspiracy claim is not supported by the allegation of any act of the defendants that can be construed as an act in furtherance of the alleged conspiracy to deprive plaintiff or a protected class of persons of the equal protection of the laws or of equal privileges and immunities under the laws. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."). For these reasons, plaintiff's complaint fails to state a conspiracy claim under § 1985(3). In the absence of a cognizable § 1985 claim, plaintiff cannot state a claim under § 1986. McCalden, 955 F.2d at 1223 (citing Karim-Panahi, 839 F.2d at 626).

The court has determined that plaintiff's complaint fails to state a claim against any defendant under 42 U.S.C. § 1983, § 1985(3), or § 1986.[5] In the absence of a cognizable federal claim, plaintiff's complaint must be dismissed. While the pleading does not allege any

---

[5] Although plaintiff also cites 42 U.S.C. § 1988, that statute concerns the applicability of statutory and common law and the availability of attorney's fees and expert fees as part of the costs that may be awarded to certain prevailing parties. The statute does not give rise to an independent cause of action and is not a basis for federal jurisdiction.

plausible basis for a federal claim, plaintiff's complaint will be dismissed with leave to file an amended complaint. If plaintiff intends to include state law claims in his amended complaint, he must identify the state law causes of action and allege facts in support of them. The amended complaint must be complete in itself without reference to the previous pleading. See Local Rule 15-220. Failure to file an amended complaint that cures the defects noted in this order will result in a recommendation that plaintiff's federal claims be dismissed with prejudice for failure to state a claim upon which relief may be granted and that plaintiff's state claims be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 3, 2007 application to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted twenty days from the date of service of this order to file an amended complaint; any amended complaint must bear the case number assigned to this case and must be captioned "First Amended Complaint."

DATED: January 16, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\torres2593.ifpgr.lta