IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX TORRES, JR.,
A former member of the State Bar
of California,

       Plaintiff,

vs.

SENATOR DON PERATA and
FABIAN NUNEZ, individually
and official capacities; THE
CALIFORNIA STATE GOVENOR
ARNOLD SCHWARZENEGER,
individually and official capacity;
and DOES 1-10 individually,
Inclusive,

       Defendants.
_____/

No. CIV S-07-2593 JAM EFB PS

FINDINGS AND RECOMMENDATIONS

      This is a civil rights action that, at its core, challenges plaintiff's disbarment from the practice of law. Although not a model of pleading practice, plaintiff's First Amended Complaint ("FAC") claims that his disbarment under Cal. Bus. & Prof. Code § 6106, which authorizes disbarment for acts of moral turpitude, dishonesty or corruption, violates a variety of plaintiff's federally protected rights under the United States Constitution and federal statutes. FAC, at 4-5.

////

1

Plaintiff's prior complaint was dismissed for failure to state a claim but he was allowed leave to amend. Defendants Don Perata and Fabian Nunez, both former state legislators, now move to dismiss the amended complaint.[1] For the following reasons, the court recommends that defendants' motion be granted, and that plaintiff's complaint be dismissed without further leave to amend.

BACKGROUND

The court's prior order, Dckt No. 4, analyzed plaintiff's initial complaint and described its deficiencies.[2] The only significant difference between plaintiff's initial and amended complaints is that plaintiff has dropped as defendants the State of California and the California Legislature. Thus, the only remaining defendants are the former leaders of their respective legislative houses – Senator Perata was President Pro Tempore of the Senate, and Assembly Member Nunez was Speaker of the Assembly.[3] These defendants are sued in both their individual and official capacities.

The gravamen of plaintiff's amended complaint, like his initial complaint, is that these defendants had a duty to prevent the State Bar, acting through the California Supreme Court, from disbarring plaintiff in December 2007. Plaintiff challenges, on federal constitutional

---

[1] Plaintiff proceeds *pro se* in this action. Accordingly, the case is before the undersigned pursuant to E. D. Cal. Local Rule ("Local Rule") 72-302(c)(21), and 28 U.S.C. § 636(b)(1).

[2] Defendants' Request for Judicial Notice, Dckt. No. 12, of this court's order filed January 17, 2008, Dckt. No. 4, which dismissed plaintiff's initial complaint for failure to state a claim, is granted. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records). That order, filed by Magistrate Judge Drozd before reassignment of this case to the undersigned, clearly sets forth the deficiencies of plaintiff's initial complaint.

[3] While a summons was issued on September 15, 2008, as to defendant Governor Schwarzeneger, Dckt. No. 23, no return has been filed. Even if plaintiff were accorded the full period of time within which to effect service of process upon the Governor (120 days after the initial complaint was filed), that period has long expired. Accordingly, Governor Schwarzeneger should be dismissed from this action. Fed. R. Civ. P. 4(m). (In contrast, plaintiff filed certificates demonstrating waiver of service by defendants Don Perata and Fabian Nunez, Dckt. Nos. 9, 14.)

grounds, several provisions of the California Business and Professions Code,[4] and contends generally that these defendants did not "perform[] their Constitutional mandate of not allowing the State Supreme Court and it[s] agents from enforcing [these] Business and Professions Codes . . . against Plaintiff because of his race and disability i.e., separation of powers doctrine." FAC, at 1-2. Plaintiff explains that he is Latino and disabled by Myasthenia Gravis, and asserts that he is representative of individuals seeking to practice law who are "of color" and/or disabled.[5] *Id.* at 9. Plaintiff contends generally that defendants' approval of the statutes creating, regulating, and appropriating funds for, the State Bar and its disciplinary process through the California Supreme Court are unconstitutional, and that defendants' failure to intervene in the operation of this allegedly unconstitutional statutory scheme, improperly led to plaintiff's disbarment and excludes similarly situated individuals from the practice of law.

As in his original complaint, plaintiff's amended complaint sets forth two causes of action, both based on the alleged violation of his civil rights as secured by the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff contends that defendants have deprived plaintiff and those similarly situated of their civil entitlements to free speech and association (First Amendment), due process (Fifth and Fourteenth Amendments) and equal

---

[4] Plaintiff challenges the following statutes: California Business and Professions Code section 6100 (which recognizes the "inherent power of the Supreme Court to discipline, including to summarily disbar, any attorney"); sections 6129 and 6106 (which prohibit certain conduct by State Bar members, such as soliciting or purchasing litigation claims, or being involved in acts of moral turpitude, dishonesty or corruption); and sections 6130 and 6133 (which proscribe certain conduct by attorneys who are suspended or disbarred). Plaintiff's amended complaint adds challenges to section 6075 (which accords "complete alternative and cumulative" authority to the State Bar Board of Governors for hearing and determining accusations against State Bar members); section 6076 ("[w]ith the approval of the Supreme Court, the Board of Governors may formulate and enforce rules of professional conduct for all members of the bar in the State"), and section 6087 (authorizing the Supreme Court to delegate disciplinary matters to the State Bar, subject to Supreme Court review).

[5] As stated in the court's prior order dismissing plaintiff's original complaint, this action proceeds as an individual civil suit brought by plaintiff solely on behalf of himself. Plaintiff is not an attorney licensed to practice law in California, and he cannot represent others. *See* Local Rule 83-183(a); Fed. R. Civ. P. 23(a)(4); *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966).

protection (Fourteenth Amendment), and imposed upon them the cruel and unusual punishment (Eighth Amendment) of disbarment and creation of a defacto union of attorneys that excludes individuals who are Hispanic and/or disabled.

Plaintiff's causes of action – the first brought pursuant to 42 U.S.C. § 1983, the second an amalgam of claims brought pursuant to 42 U.S.C. §§ 1985(3) and 1986 – assert generally that defendants have acted with "gross negligence, recklessness, or deliberate indifference," and that plaintiff has suffered "pain, discomfort, disability, mental and emotion[al] anguish and fear." FAC, at 12, 14.  Plaintiff requests a jury trial, and seeks a declaration that the challenged state statutes are unconstitutional on their face and as applied to plaintiff; declarative and injunctive relief prohibiting defendants from enforcing the challenged statutes against plaintiff; injunctive relief prohibiting any retaliation by defendants against plaintiff for bringing this action; damages and attorney fees.

Defendants' motion to dismiss contends that plaintiff's claims are barred by Eleventh Amendment immunity and legislative immunities.

LEGAL STANDARDS

As a threshold matter, the court is mindful of plaintiff's *pro se* status.  Pro *se* pleadings are generally held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  A *pro se* litigant is entitled to notice and an opportunity to amend his complaint unless it is clear that no amendment can cure its inadequacies.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir.2000) (*en banc*); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987).

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "'The pleading must contain something more than a statement of facts that merely creates a suspicion of a

legally cognizable right of action.'" *Id.*, quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) (internal punctuation omitted).  Rather, to avoid a Rule 12(b)(6) dismissal, a complaint must plead  "enough facts to state a claim to relief that is plausible on its face."  *Weber v. Department of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell*, at 127 S.Ct. at 1974).  Factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951 (May 18, 2009) (citing *Twombly*, 550 U.S. at 555).

DISCUSSION

     A.  CLAIMS PURSUANT TO 42 U.S.C. § 1983

To state a claim under Section 1983,[6] a plaintiff must make a *prima facie* showing that defendant acted under color of state law to deprive plaintiff of a right secured by the Constitution or laws of the United States.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Section 1983 does not create any substantive rights; rather it is a vehicle for redressing illegal conduct by government officials.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted).  Significantly, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation:  there is no *respondeat superior* liability under section 1983."  *Id.* (citations omitted).  The statute requires an actual connection or link between the actions of the defendants and the deprivation of rights alleged to have been suffered by the plaintiff.  *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

---

[6] 42 U.S.C. § 1983 provides that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

5

another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, plaintiff sues defendants in both their official and individual capacities. His claims against defendants in their official capacities are construed as against the state. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). The Eleventh Amendment to the U.S. Constitution, which sets forth the doctrine of sovereign immunity, bars suits against a state, unless the state has consented to suit or waived immunity, or such immunity has been validly abrogated by Congress. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996). This immunity, as applied to state officials sued in their official capacities, has been construed to bar damages actions, but not suits for prospective injunctive relief to enjoin an ongoing violation of federal law. *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also Hason v. Medical Board of California*, 279 F.3d 1167, 1171 (9th Cir. 2002).

In the present case, there has been no waiver or abrogation of sovereign immunity by California as to the matters at issue. Therefore, the Eleventh Amendment serves as a jurisdictional bar to plaintiff's § 1983 damages claims against defendants in their official capacities.

Plaintiff's claims for prospective injunctive relief also fail. He does not present any cognizable federal claim. Despite the opportunity to amend his complaint, plaintiff still fails to allege any personal participation by defendants Perata or Nunez in drafting, sponsoring, endorsing, voting upon, or otherwise supporting, the challenged statutes. Rather, plaintiff alleges only that defendants Perata or Nunez acted with "gross negligence, recklessness, or deliberate indifference." This failure alone – the omission of any actual connection or link between defendants' conduct and the alleged deprivation of plaintiff's rights – warrants

dismissal of plaintiff's § 1983 claims.  In addition, plaintiff's amended constitutional claims remain vague,[7] and fail to state a cognizable claim.[8]  Nor has plaintiff proferred any reasonable basis upon which further leave to again amend should be granted to restructure these claims. Indeed, even if plaintiff could restate his claims, these defendants' legislative immunity protects them from suit, insulating their official conduct from both actions for damages and claims for prospective equitable relief.  *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 732-733 (1980); *Spallone v. United States*, 493 U.S. 265, 278 (1990).

Nor does plaintiff state a cognizable claim against defendants in their personal capacities. Because the substance of plaintiff's claims rests *only* on defendants' official responsibilities – failing to prevent the enactment and enforcement of the challenged legislation, and approving appropriations in support thereof – plaintiff states no claim against defendants in their personal capacities,[9] and there exists no reasonable basis upon which to grant plaintiff leave to again amend his complaint.

---

[7] Plaintiff's First Amendment claim alleges the denial of plaintiff's rights to free speech and association when the State Bar disbarred plaintiff for "maintaining an anti-State Bar blog site and [filing] suits against the State Bar," based upon Cal. Bus. & Prof. Code § 6106, which authorizes disbarment for acts of moral turpitude, dishonesty or corruption.  FAC, at 4-5.  It is impossible to ascertain from these allegations the precise nature and content of plaintiff's allegedly protected speech and associations; nor can the court ascertain precisely when, why, and on what basis the State Bar responded to this conduct.  These repeated factual deficiencies also undermine plaintiff's Fifth and Fourteenth Amendment due process, and Fourteenth Amendment equal protection, challenges.  Absent identification of the procedures and substantive rights to which plaintiff asserts he is entitled, and an explanation of how his own treatment failed to meet these standards, plaintiff cannot make a federal constitutional fairness claim.  *See, e.g., Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).  Finally, plaintiff's Eighth Amendment claim is inapposite.  "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."  *Ingraham v. Wright*, 430 U.S. 651, 671-672, n. 40 (1977).

[8] Moreover, the federal court is not the proper forum for appealing decisions of the State Bar; the proper forum is the California Supreme Court, and its decisions are final.  *See* Cal. Rules of Court, Rule 9.10 *et seq*.

[9] Nor is there any reasonable basis upon which to construe plaintiff's claims as a challenge to the private conduct of defendants under color of their official authority.  *See, e.g., Motley v. Parks*, 432 F.3d 1072, 1077 (9th Cir. 2005) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)).

7

1  For these reasons, plaintiff does not, and cannot, state a § 1983 claim against defendants
2 Perata and Nunez, in either their official or personal capacities, and this cause of action should
3 be dismissed without leave to amend.

### B. CLAIMS PURSUANT TO 42 U.S.C. §§ 1985 and 1986

Section 1985 "proscribes conspiracies to interfere with civil rights." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991) (*en banc*).[10] To state a cause of action under § 1985(3), plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United States Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 828-29 (1983)). The claim under this section must allege facts to support the allegation that defendants conspired together. "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). "[T]he second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever*, 978 F.2d at 1536 (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)).

/////

---

[10] 42 U.S.C. § 1985 provides in pertinent part: "If two or more persons . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

8

Here, plaintiff's amended complaint contains legal conclusions but no facts to support his claim that defendants conspired together to deprive him of his rights. He does not, and cannot, make any plausible allegation that the challenged statutes were enacted and perpetuated by the defendants for the purpose of discriminating against classes of persons because they are Latino and/or disabled,[11] or that defendants have enforced, or will enforce, those statutes for the purpose of discriminating against plaintiff. Plaintiff's amended complaint fails to state a viable conspiracy claim under § 1985(3), and no amendment can cure this defect.

Finally, "[a] claim can be stated under section 1986[12] only if the complaint contains a valid claim under section 1985." *Karim-Panahi*, *supra*, 839 F.2d at 626 (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because plaintiff's § 1985 claim fails, he cannot state a claim under § 1986.

CONCLUSION

Plaintiff's First Amended Complaint contains the same deficiencies as his original complaint, which this court dismissed for failure to allege "any plausible basis for a federal claim." Dckt. No. 4, at 8-9. Amendment of the complaint has served only to underscore these deficiencies – the First Amended Complaint does not allege any facts upon which to infer defendants' personal participation in any of the challenged matters; it sets forth no conceivable factual basis for suing defendants in their personal capacities; nor does it allege any reasonable basis for suing defendants in their official capacities, for which defendants remain, in any case, protected from this action by their Eleventh Amendment and legislative immunities.

---

[11] Disability is a class covered under section 1985. *See*, *e.g.*, *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474 (7th Cir. 1985).

[12] Section 1986 provides in pertinent part: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . ." 42 U.S.C. § 1986.

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Governor Schwarzeneger be DISMISSED from this action based on plaintiff's failure to effect service of process;

2. The Motion to Dismiss the First Amended Complaint, filed by remaining defendants Don Perata and Fabian Nunez, Dckt. No. 10, be GRANTED; and

3. This action be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

10